**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| ROBERT CHARLES ERICKSEN,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT JOHNSON et al.,<br><br>    Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:09-CV-329 TC<br><br>District Judge Tena Campbell |

Plaintiff, Robert Charles Ericksen, an inmate at the Utah State Prison, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2009). Plaintiff was allowed to proceed *in forma pauperis*. *See* 28 *id.* 1915. Reviewing the complaint under 28 U.S.C. § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a)   does not clearly identify each named defendant. (John Does must each be individually numbered and described in detail.)

(b)   does not allege specific allegations supporting a specific cause of action against the following named defendants: Parole Officer Allen Shane Nelson and Officer John Doe of Ephraim Police Department.

(3)   inappropriately alleges civil rights violations against Defendants Jack Ford and Governor Jon Huntsman on a respondeat superior theory.

(4)   does not specify causes of action with specific facts against Defendant Agent Scott Johnson.

(5)   does not specify causes of action with specific facts regarding denial of grievances against Defendants Hearing Officer Tom Anderson, Debi S. Ogden of AP&P, Supervisor Richard Laursen of AP&P, or Captain Coulter of Central Utah Correctional Facility.

## Instructions to Plaintiff

**Under Rule 8 of the Federal Rules of Civil Procedure a** complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

   Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se

litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).  Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position.  *See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).  Fourth, if Plaintiff's claims relate to the conditions of Plaintiff's current confinement Plaintiff should seeks assistance from the prison contract attorneys in preparing initial pleadings.  And, finally, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as

frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

**ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY (30) DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide;

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 30th day of April, 2009.

BY THE COURT:

_____
TENA CAMPBELL, CHIEF JUDGE
United States District Court