# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
# CENTRAL DIVISION

| | |
|---|---|
| ROBERT ERICKSEN,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT JOHNSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CV-329 TC<br><br>District Judge Tena Campbell |

Plaintiff Robert Ericksen, an inmate at the Utah State Prison, filed this pro se civil rights suit under 42 U.S.C. § 1983. Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915. On July 7, 2009, Plaintiff filed an Amended Complaint, as directed by the court, with assistance from the prison contract attorneys. The Amended Complaint identifies Scott Johnson as the only named defendant. Before the court is Defendant's Motion for Judgment on the Pleadings.

## ANALYSIS

### I. Standard for Judgment on the Pleadings

Rule 12(c) provides that "after the pleadings are closed . . . any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings filed by a defendant is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. See Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). On a Rule 12(b)(6) motion the court judges the sufficiency of

the complaint, accepting as true the well-pleaded factual allegations and drawing all reasonable inferences in favor of the plaintiff. Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). Because Plaintiff is proceeding pro se, the court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." Id. While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id.

## II. Plaintiff's Allegations

On October 12, 2000, Plaintiff was paroled from the Utah State Prison after serving a sentence imposed for sexual abuse of a child. As a condition of his release, Plaintiff signed a Parole Agreement requiring him to abide by special parole conditions applicable to child sex offenders. In 2004, following an accident in which he sustained serious neck injuries, Plaintiff moved to Ephraim, Utah, in Sanpete County, to live with his parents. Defendant Johnson, an Adult Probation and Parole (AP&P) agent, was assigned to be Plaintiff's parole officer while in Ephraim.

Plaintiff alleges that Defendant Johnson began a campaign of harassment and intimidation against Plaintiff with the goal of forcing Plaintiff to relocate elsewhere. Plaintiff's

lengthy Amended Complaint details numerous encounters where Johnson allegedly acted beyond the scope of his duties to harass or intimidate Plaintiff based on Plaintiff's sex offender status and in disregard for Plaintiff's medical condition. From May 11, 2005, through June 7, 2005, Johnson documented several occasions when Plaintiff allegedly attempted or had improper contact with neighborhood children, in violation of his parole conditions.

Following the incident on June 7, 2005, Plaintiff was taken into custody for questioning and placed on a 72-hour hold, during which AP&P staff recommended that Plaintiff be sent to the Sanpete County Jail to complete a 60-day Halfway Back Program. On June 10, 2005, the Utah Board of Pardons and Parole ("Board") denied the recommendation and directed AP&P to issue a Warrant Request and Parole Violation Report for Plaintiff, which Defendant Johnson prepared. Johnson obtained and served the warrant the same day and transported Plaintiff to the Central Utah Correctional Facility (CUCF) in Gunnison, Utah. On July 6, 2005, Plaintiff appeared with counsel before the Board for a pre-revocation hearing. Plaintiff pleaded "not guilty" to violating his parole agreement, and the Board scheduled an evidentiary hearing for August 12, 2005. On August 8, 2005, Plaintiff entered into a Stipulated Resolution of Evidentiary Hearing ("Stipulation") changing his plea to "no contest" to two counts of associating with children in violation of the terms of his parole agreement.

Over the next year and a half, Plaintiff was released on parole two more times, each time returning to prison because of additional parole violations. Defendant Johnson, however, had no further involvement with Plaintiff after the June 10, 2005, arrest.

Plaintiff's Amended Complaint asserts denial of due process in violation of the Fifth and

3

Fourteenth Amendments stemming from the revocation of his parole.[1] Plaintiff asserts that he was denied due process because he was "set up to fail" on parole, was denied the opportunity to challenge the information in the Warrant Request prepared by Defendant Johnson, and was forced to waive his parole revocation hearing while incompetent to do so. The Amended Complaint seeks compensatory and punitive damages, a full investigation, and expungement of Plaintiff's criminal record.

### III. Sufficiency of Plaintiff's Complaint under the Heck Doctrine

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that claims for damages or release from confinement that would "necessarily imply the invalidity of [a plaintiff's] criminal conviction or sentence" are not cognizable under Section 1983 unless the plaintiff can show that his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. The Tenth Circuit has expressly extended the Heck doctrine to "proceedings that call into question the fact or duration of parole or probation." Crow v. Penry, 102 F.3d 1086, 1087 (10th Cir. 1996).

Here, Plaintiff cannot obtain relief on his present claims without calling into question the validity of his parole revocation. Although Plaintiff's legal theories are somewhat muddled, he

---

[1] The Amended Complaint also lists separate causes of action for denial of equal protection and cruel and unusual punishment; however, no specific facts support these claims, and they appear to be alternative legal grounds for challenging Plaintiff's parole revocation.

4

clearly seeks to challenge the legality of the evidence used to revoke his parole, including the veracity of Defendant Johnson's statements to the Board. <u>Heck</u>, however, prohibits Plaintiff from raising such claims in a Section 1983 action without first showing that his parole revocation has been invalidated by either a competent state tribunal or a federal habeas corpus decision. Plaintiff has not made such a showing here. Accordingly, Plaintiff's claims are not cognizable under Section 1983 and Defendant is entitled to judgment on the pleadings.

## ORDER

Accordingly**, IT IS HEREBY ORDERED** that Defendant's Motion for Judgment on the Pleadings (Docket No. 25) is **GRANTED**.

DATED this 29th day of March, 2011.

BY THE COURT:

_____
TENA CAMPBELL
United States District Judge